# NechelesLaw LLP
ATTORNEYS AT LAW

535 5th Ave, 4th Floor
New York, N.Y. 10017
Telephone: (212) 997-7400
Telecopier. (212) 997-7646

August 10, 2021

**Via ECF**

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

**MEMO ENDORSED**

Re: *United States v. Chaskel Landau*, 21-cr-401 (KMK)

Dear Judge Karas:

    I respectfully write to request that Your Honor make the requisite finding, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), § 15002(b), Pub. L. No. 116-136 (2020), to allow Mr. Landau's scheduled guilty plea to go forward by video-conference.

    The Court previously referred the defendant's change of plea proceeding to the Honorable Paul E. Davison, (U.S.M.J). That proceeding is scheduled to take place tomorrow at 2:30 p.m. However, Mr. Landau is no longer permitted to appear in person in light of the restrictions set forth in the Court's Ninth Amended Standing Order M10-468, dated August 6, 2021 ("Restrictions on Entry to the Courthouses"). Because of those restrictions, Mr. Landau would not be permitted entry to the Courthouse until approximately August 23, 2021.

    In the Court's Fifth Amended Standing Order M10-468, dated June 15, 2021 ("Video Teleconferencing and Telephone Conferencing for Criminal Proceedings"), Chief Judge Laura Taylor Swain, pursuant to the CARES Act, extended the use of remote proceedings in felony plea hearings conducted in this district through September 20, 2021. The Standing Order provides that a plea hearing may be conducted by videoconferencing with the consent of the defendant after consultation with counsel, and upon a finding by the presiding judge that the proceeding "cannot be further delayed without serious harm to the interests of justice."

We submit that such a delay in the change of plea proceeding would cause serious harm to the interests of justice by, among other things, delaying a critical proceeding in this matter that the defendant is prepared for now, and requiring the parties to expend resources on potentially preparing for trial when the defendant is prepared to enter a change of plea. Mr. Landau has consulted with counsel and consents to this request.

Accordingly, we respectfully request that the change of plea proceeding be conducted by videoconference; and that this Court make a finding, by endorsing this letter, that holding the proceeding by videoconference satisfies the standards under the CARES Act and the June 15, 2021 Standing Order.

I have spoken to AUSA Qais Ghafary and he consents to this request.

> Respectfully submitted,
> /s/
> Gedalia M. Stern

Cc: AUSA Qais Ghafary (via ECF)

Granted. The Court finds, for the reasons stated herein, that the plea proceeding in this case cannot be delayed without serious harms to the interests of justice and therefore may be done remotely under the CARES Act.

So Ordered.

8/11/21